Chen v. Sessions

BIA
Segal, IJ
A200 174 033

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of April, two thousand seventeen.

PRESENT:
JOHN M. WALKER, JR.,
ROBERT D. SACK,
REENA RAGGI,
*Circuit Judges.*

_____

DING XUAN CHEN,
        *Petitioner,*

        v.                                          15-320
                                                    NAC

JEFFERSON B. SESSIONS, III, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Lee Ratner, Law Offices of Michael Brown, New York, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Shelley R. Goad, Assistant Director; Kristin Moresi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

1

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ding Xuan Chen, a native and citizen of the People's Republic of China, seeks review of a January 20, 2015 decision of the BIA, affirming an August 21, 2013 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Ding Xuan Chen,* No. A200 174 033 (B.I.A. Jan. 20, 2015), *aff'g* No. A200 174 033 (Immig. Ct. N.Y.C. Aug. 21, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements and other record evidence "without regard to whether"

2

those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *accord Xiu Xia Lin v. Mukasey*, 534 F.3d at 163-64. "We defer therefore to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d at 167. Substantial evidence supports the agency's determination that Chen was not credible.

The IJ did not err in basing her credibility determination, in part, on her observations of Chen's demeanor. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (recognizing that particular deference is given to trier of fact's assessment of demeanor); *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005) ("We give particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor . . . ."). Chen was often unresponsive and could not remember facts that he had recounted in his asylum application, including whether authorities had threatened sterilization. The IJ reasonably declined to credit Chen's excuse that he had a bad memory, given that his asylum application included specific details. *See Majidi v. Gonzales*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief;

3

he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (emphasis in original) (internal quotation marks omitted)).

This demeanor finding, and the adverse credibility determination as a whole, are further supported by record inconsistencies. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."); *Xiu Xia Lin v. Mukasey*, 534 F.3d at 166-67. Chen testified inconsistently when questioned how his wife became pregnant in 2010 despite being forced to use an IUD. He testified both that the IUD fell out or was lost, and that his wife looked for a private physician to remove the IUD. The agency was not compelled to credit Chen's explanation for this discrepancy—that he forgot—because it did not resolve the inconsistency and, within his explanation, he provided unresponsive answers and confusing details. *See Majidi v. Gonzales*, 430 F.3d at 80-81. Chen's explanation that there was no inconsistency because he testified that his wife looked for a doctor, not that she found one, is not compelling given that

4

he did not proffer this explanation before the IJ when questioned about the discrepancy. *See id.*

Given the demeanor and inconsistency findings, the agency reasonably found Chen not credible, *see Xiu Xia Lin v. Mukasey*, 534 F.3d at 165-66, even if an additional inconsistency relating to the sex of the unborn child in his wife's second pregnancy was the result of translation error, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006) (holding remand unnecessary when court can "confidently predict" that agency would reach same decision absent error). That adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5